Case 4:24-cv-03866   Document 12   Filed on 02/25/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 26, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAKEISHA MENIFEE, | § | |
| *Plaintiff*, | § | |
| | § | CASE NO. 4:24-CV-3866 |
| v. | § | |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| *Defendants*. | § | |

## JUDGE DENA PALERMO'S
## REPORT AND RECOMMENDATION[1]

*Pro se* plaintiff filed a complaint, initiating this lawsuit on October 8, 2024, and served Defendants Ken Paxton, Harris County Precinct 4 Constables, Humble Police Officers, and Houston Police Officers on November 14, 2024, ECF Nos. 5, 6, 7, 8. Since then, Plaintiff has failed to take action to prosecute her case. The Court ordered Plaintiff to respond to two pending motions, a motion to stay discovery and a motion to dismiss, and provide proof of service for Defendants Humble Police Department and Houston Police Department. ECF No. 11. To date, Plaintiff has not complied with the Court's directives. Because Plaintiff failed to prosecute this action and comply with the Court's orders, the Court recommends that the case be dismissed under Federal Rule of Civil Procedure 41(b).

---

[1] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned.  Referral Order, ECF No. 4.

1

## I. BACKGROUND

On June 12, 2024, Plaintiff received a letter from the Office of Ken Paxton, Attorney general of Texas, denying her application for Crime Victims' Compensation for insufficient evidence. ECF No. 1-1 at 1. Months after, Plaintiff filed this suit, alleging that Ken Paxton "provided support for sex trafficking agencies," and to rogue agents who "worked with policing agencies to provide [technological] support through artificial intelligence." ECF No. 1 at 4. Plaintiff asserts that the policing authorities "[created] a net of safety for criminal to continue to make attempts on the life of [Plaintiff]." ECF No. 1 at 4. Plaintiff seeks $2.5 billion in damages. ECF No. 1 at 5.

On November 25, 2024, Paxton filed a motion to dismiss under Rule 12(b)(1), arguing that Plaintiff lacks standing to bring her claims and has failed to plead a waiver of sovereign immunity. ECF No. 9. Plaintiff's response was due on December 16, 2024. When Plaintiff failed to respond, the Court ordered Plaintiff to respond by February 19, 2025. ECF No. 11. To date, Plaintiff has not responded. On December 6, 2024, Paxton filed a motion to stay discovery pending determination of the motion to dismiss. ECF No. 10. When Plaintiff failed to respond, the Court ordered Plaintiff to respond by February 19, 2025. ECF No. 11. To date, Plaintiff has not responded.

Also in the order, the Court noted that Plaintiff had not filed proof of timely

service of the complaint to Defendants Humble Police Department and Houston Police Department. The Court ordered Plaintiff to file proof of service by February 7, 2025. ECF No. 11.[2] Plaintiff has not filed anything or otherwise communicated with the Court since November 21, 2024. ECF No. 8.

In the order, the Court warned Plaintiff that failure to respond to the motion to dismiss or the motion to stay, or file proof of service may result in her case being dismissed for want of prosecution. ECF No. 11.

## II. PLAINTIFF'S LAWSUIT SHOULD BE DISMISSED FOR WANT OF PROSECUTION.

Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Castillo v. Becka*, No. 2:21-CV-00162, 2022 WL 5264612, at *2 (S.D. Tex. Aug. 31, 2022), *adopted*, No. 2:21-CV-00162, 2022 WL 5264650 (S.D. Tex. Oct. 6, 2022) (quoting Fed. R. Civ. P. 41(b). Pursuant to this rule, the Court "has the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties," which flows from the Court's "inherent power to control its docket and prevent undue delays in the

---

[2] The Court admonished Plaintiff that Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time," and Rule 4(l) requires proof of service to be made to the court, unless service is waived. FED. R. CIV. P. 4(l), (m). Dismissal of Humble PD and Houston PD is also appropriate under Rule 4(m).

disposition of pending cases." *Id.* (quoting *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (*per curiam*); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962))).[3]

Generally, a dismissal for want of prosecution is without prejudice. *Castillo*, 2022 WL 5264612, at *3 (citing *Ray v. Johnson & Johnson*, No. 1:20-CV-129-DMB-RP, 2021 WL 1030987, at *1 (N.D. Miss. Mar. 17, 2021)). "[A] dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the integrity of the judicial process is threatened by plaintiff's conduct in such a way that the court is left with no choice except to deny that plaintiff its benefits." *Id.* (citing *Gist v. Lugo*, 165 F.R.D. 474, 477 (E.D. Tex. 1996) (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988))). Rule 41(b) dismissal is "an extreme sanction" which requires: (1) a clear record of delay or contumacious conduct by Plaintiff; and (2) a finding that lesser sanctions would be, or proved to be, futile. *See id.* (citing *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992); *McNeal v. Papasan,* 842 F.2d 787, 790 (5th Cir. 1988)). Frequently, the Court requires proof of at least one aggravating factor: (1) the delay is caused by the Plaintiff and not Plaintiff's attorney, (2) Defendants were prejudiced because of the

---

[3] The decision to dismiss under Rule 41(b) is reviewed for abuse of discretion. *Lancon v. Stafflink, Inc.*, No. Civil Action H-18-2051, 2019 WL 1046951, at *2 (S.D. Tex. Feb. 5, 2019), *adopted*, No. CV H-18-2051, 2019 WL 1040980 (S.D. Tex. Mar. 5, 2019) (citing *Link,* 370 U.S. at 633; *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)).

4

delay, or (3) the delay is intentional. *Lancon*, 2019 WL 1046951, at *2 (*Papasan*, 842 F.2d at 790; *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).

In the over three months since its filing, Plaintiff has not filed a response to the motion to dismiss despite the Court's order to do so. Further, Plaintiff has failed to respond to the motion to stay, which the Court also ordered her to do. And finally, Plaintiff has not provided proof of service of Humble PD and Houston PD, as the Court ordered. These facts constitute a clear record of delay Plaintiff's failure to prosecute this case caused. *Castillo*, 2022 WL 5264612, at *2 ("Dismissal is warranted, because Plaintiff failed to update the Court regarding her search for new counsel, failed without excuse to attend a scheduled hearing, failed to respond to Defendant's motion to dismiss, and failed otherwise to communicate with the Court.") (citing *Gilmore v. Guild Mortg. Co., L.L.C.*, No. 1:21-CV-00621-MAC-ZJH, 2022 WL 2712385, at *1 (E.D. Tex. Feb. 22, 2022), *adopted*, No. 1:21-CV-00621, 2022 WL 2712382, at *1 (E.D. Tex. Mar. 10, 2022) (dismissal appropriate under Rule 41(b) where the plaintiff failed to confer with the defendant and failed to respond to the motion to dismiss); *Douglas v. Zabransky*, No. H-18-4168, 2019 WL 3628748, at *1 (S.D. Tex. July 18, 2019), *adopted*, 2019 WL 3570451, at *1 (S.D. Tex. Aug. 5, 2019) (dismissal warranted where the plaintiff failed to comply with court orders, failed to respond to the motion to dismiss, and did not appear at a

scheduling conference); *Connely v. City of Pascagoula*, No. 1:11-CV-293-HSO-JMR, 2013 WL 2182944, at *2 (S.D. Miss. May 20, 2013) (granting a motion to dismiss for want of prosecution where the plaintiffs failed to take action in the case, contact the court, and comply with court orders); *Martin v. Gilbert*, No. 1:12-CV-327-HSO-RHW, 2013 WL 4014990, at *2 (S.D. Miss. Aug. 6, 2013) (same)).

The Court unsuccessfully admonished Plaintiff, a lesser sanction. In the order discussed above, the Court warned Plaintiff that her failure to respond to the motion to dismiss and motion to stay may result in the case being dismissed for lack of prosecution. Order, ECF No. 11. The Court also admonished Plaintiff that failure to provide proof of service of the unserved Defendants may result in those parties' dismissal from the lawsuit. *Id.* Also in this order, the Court extended Plaintiff's deadline to respond to the motions, permitting Plaintiff over three months to respond and extended Plaintiff's service deadline by more than a month—again, futile efforts. *Id.* The Court is not convinced that monetary sanctions would have any effect, considering Plaintiff's *pro se* status. *See Lancon*, 2019 WL 1046951, at *3. In sum, the Court finds that sanctions other than dismissal would be pointless. It appears that Plaintiff has abandoned her suit.

Moreover, the Court recommends that Plaintiff's case be dismissed with prejudice. Because Plaintiff is a *pro se* litigant, the delay is her fault, and further, her failure to respond to the motions and serve Humble PD and Houston PD, despite an

6

order and ample time to do so, cannot be characterized as anything but intentional. *See Lancon*, 2019 WL 1046951, at *3. Accordingly, the Court recommends dismissing this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b). *See id.*; *see also Castillo*, 2022 WL 5264612, at *2.

### III. CONCLUSION

The Court **RECOMMENDS** that this lawsuit be **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b).

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** *Ortiz v. San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on February 25, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**

7