United States District Court
Southern District of Texas
**ENTERED**
June 08, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| LAKEISHA MENIFEE, § | CIVIL ACTION NO | |
| Plaintiff, § | 4:24-cv-03866 | |
| § | | |
| § | | |
| vs. § | JUDGE CHARLES ESKRIDGE | |
| § | | |
| § | | |
| KEN PAXTON, *et al*, § | | |
| Defendants. § | | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

Plaintiff Lakeisha Menifee proceeds here *pro se*. She filed a complaint against Defendants Ken Paxton, Harris County Precinct 4 Constables, Humble Police Officers, and Houston Police Officers for alleged violations of the Fair Debt Collection Practices Act, the National Telecommunications and Information Administration Organization Act, and the Spectrum Pipeline Act. Dkt 1 at 3.

Paxton filed a motion to dismiss under Rule 12(b)(1) arguing that Menifee lacks standing to bring her asserted claims, and that she doesn't offer a theory by which sovereign immunity wouldn't otherwise bar her suit. Dkt 9. Paxton also filed a motion to stay discovery. Dkt 10.

Plaintiff responded to neither motion. She was then ordered to (i) respond to both motions by February 19, 2025, and (ii) file proof of timely service of the complaint on Defendants Humble Police Department and Houston Police Department pursuant to Rule 4(l) of the Federal Rules of Civil Procedure. Dkt 12. She failed to comply.

The matter was referred to Magistrate Judge Dena Hanovice Palermo. Dkt 4. She issued a Memorandum and Recommendation on February 25, 2025, in which she

recommended that the case be dismissed for want of prosecution. Dkt 12. No objection was filed.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

No clear error appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 12.

The motion to dismiss by Defendant Ken Paxton is DENIED AS MOOT. Dkt 9.

The motion to stay discovery by Defendant Ken Paxton is DENIED AS MOOT. Dkt 10.

It is noted that Plaintiff Lakeisha Menifee filed a motion for summary judgment after the objection period, seeking a declaratory judgment that the State of Texas violated her and her children's privacy rights and engaged in sex trafficking. Dkt 16 at 2. No evidence is offered to support her claims. This is insufficient. See *Nola Spice Designs, LLC v Haydel Enterprises, Inc*, 783 F3d 527, 536 (5th Cir 2015). Nor did she seek or obtain leave to file such motion, or to avoid the dismissal already recommended and pending.

The motion by Plaintiff for summary judgment is DENIED. Dkt 16.

This civil action is DISMISSED WITHOUT PREJUDICE for want of prosecution. Dkt 1.

A final judgment will enter separately.

SO ORDERED.

Signed on June 6, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge